United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-51358
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISIDRO CASTILLO-HERNANDEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-1173-ALL-DB
---------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Isidro Castillo-Hernandez ("Castillo") appeals his conviction and sentence for illegal reentry subsequent to deportation. 8 U.S.C. § 1326(b). He argues that the district court abused its discretion in excluding from the evidence at trial the clothing he was wearing at the time of arrest. He contends it would have cast doubt upon the testimony of the Government's key witness, Border Patrol Agent Mesa, who testified

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Castillo's clothes were wet and muddy when he was found near the Rio Grande River.

Although it is debatable whether the district court abused its discretion in excluding the clothing, see e.g., United States v. Colatriano, 624 F.2d 686, 689 (5th Cir. 1980), the error was harmless. Whether the clothes were still wet or muddy would not necessarily have had an impact on Agent Mesa's credibility, as Officer Legaretta's testimony indicated that Castillo may have been allowed to clean up or change into clean clothes after his arrest, thus clouding whether the clothes inventoried at the prison were the ones Castillo was wearing when Agent Mesa arrested him. Moreover, the evidence showed that Castillo was discovered 100 yards north of the border, that he admitted he was not a United States citizen, that he did not have permission to be in this country, and that he had been previously deported. In light of the overwhelming and unrebutted evidence of Castillo's guilt, the district court's exclusion of the clothing was harmless. See United States v. Haese, 162 F.3d 359, 364 (5th Cir. 1998).

Castillo argues that under the reasoning of Apprendi v. New Jersey, 530 U.S. 466 (2000), the sentencing provision of 8 U.S.C. § 1326(b)(2) is unconstitutional. Castillo concedes that this issue is foreclosed by Almendarez Torres v. United States, 523 U.S. 224, 235 (1998), but he raises it to preserve it for possible Supreme Court review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  This court must therefore follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation and citation omitted).

AFFIRMED.